UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:

    Christine N. Dupilka                             Case No. 16-06278
    *aka* Christine Schubach                    Judge Hon. Pamela S. Hollis
                                                           Chapter 13

                  Debtor.
_____/

## NOTICE OF MOTION OF SECURED CREDITOR FOR RELIEF FROM THE AUTOMATIC STAY AND TO WAIVE THE PROVISIONS OF FED.R.BANKR.P.4001(A)(3) OR IN THE ALTERNATIVE TO DISMISS THE CASE

    Counsel for Quicken Loans Inc. has filed a Motion with the Court for relief from the automatic stay and to waive the provisions of Fed.R.Bankr.P.4001(a)(3) or in the alternative to dismiss the case.

    **PLEASE TAKE NOTICE** that the court will hold a hearing on the request for relief from the automatic stay and to waive the provisions of Fed.R.Bankr.P.4001(a)(3).

    This hearing will take place on September 13, 2019, at 10:45 a.m. before the Honorable Pamela S. Hollis at the Joliet City Hall, 150 West Jefferson Street, 2nd Floor, Joliet, Illinois 60432.

Dated: September 6, 2019                                      */s/ Marc G. Wagman*

## AFFIDAVIT OF SERVICE

    I, Rachelle Magolan, declare under the penalty of perjury that on the __6th__ day of September 2019, I served a copy of the Notice of Motion and Motion for Relief from Stay, Required Statement to Accompany Motion for Relief, Proposed Order for Relief, Proposed Order Dismissing, and Affidavit of Service upon:

| Christine N. Dupilka<br>2110 Summerlin Drive<br>Aurora, IL 60503 | David M Siegel<br>David M. Siegel & Associates<br>790 Chaddick Drive<br>Wheeling, IL 60090 | Glenn B Stearns<br>801 Warrenville Road Suite 650<br>Lisle, IL 60532 |
|---|---|---|
| Office of the US Trustee<br>219 S. Dearborn St<br>Room 873<br>Chicago, IL 60604 | Summerlin Homeowner Association<br>PO Box 8003555<br>Dallas, TX 75380 | |

By placing same in a well sealed envelope, by first class mail, with the proper prepaid postage thereon and depositing same in a United States Mail receptacle in the City of Rochester, State of Michigan to the Debtor and interested parties, and via CM-ECF electronic filing to Debtor's Attorney, the Trustee and the Office of the US Trustee.

                                                       */s/ Rachelle Magolan*
                                                       Rachelle Magolan

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN RE:

| | |
|---|---|
| Christine N. Dupilka  *aka* Christine Schubach | Case No. 16-06278  Judge Hon. Pamela S. Hollis  Chapter 13 |
| Debtor. | |

_____/

**MOTION OF QUICKEN LOANS INC. FOR RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISIONS OF FED.R.BANKR.P.4001(A)(3) AS TO THE REAL PROPERTY LOCATED AT 2110 SUMMERLIN DR., AURORA, IL 60503 OR IN THE ALTERNATIVE TO DISMISS THE CASE**

Quicken Loans Inc. moves this Court, under § 362, and other sections of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code") and under Rules 4001, 6007 and other rules of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order modifying the automatic stay, imposed by 11 U.S.C § 362 of the Bankruptcy Code, and for a waiver of the provisions of Fed. R. Bankr.P.4001(a)(3) or in the alternative to dismiss the case. In support of this Motion, the Movant states:

1. The Debtor filed for chapter 13 bankruptcy relief on February 25, 2016.

2. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this case and this Motion are proper under 28 U.S.C. §§ 1408 and 1409.

3. On July 29, 2010 the Debtor listed above, obtained a loan from Quicken Loans Inc. in the amount for $161,600.00. Such loan was evidenced by a promissory note dated July 29, 2010 (the "Note"). Debtor executed a Mortgage dated July 29, 2010 (the "Mortgage"), conveying to Mortgage Electronic Registration Systems Inc. as nominee for Quicken Loans Inc. a lien on real property (the "Collateral") owned by the Debtor, located at 2110 Summerlin Dr., Aurora, IL 60503. The lien is the first lien on the collateral.

4. The Note and Security Agreement were transferred as follows: (a) on March 2, 2016 to Quicken Loans Inc.; the transfer is evidenced by an Assignment of Mortgage.

5. The estimated market value of the Collateral may be $240,000.00. This valuation was obtained from Schedule "D" provided by the debtor. The current outstanding principal balance due on the Note is $139,201.96, plus interest accruing at the rate of 4.00000% per annum [$15.26 per day]. This amount may not include accrued interest, fees, late charges, escrow shortages or corporate advances.

6. Upon reasonable investigation, Summerlin Homeowner's Association is known to have an interest in the Collateral.

7. Movant seeks an order for relief from the automatic stay in order to protect its lien pursuant to the terms of the security agreement, to the extent allowed by law. Movant may in lieu of foreclosure offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation options, and may seek to enter into such agreement with Debtor. Movant understands that it may not enforce or threaten to enforce any personal liability against Debtor if Debtor's personal liability is discharged in this bankruptcy case or while the case remains pending.

8. The Debtor filed their Modified Chapter 13 Plan with the Court on June 22, 2016. Pursuant to the Chapter 13 Plan, the Debtor is to make their ongoing post petition mortgage payments directly to Movant. Debtor's Chapter 13 Plan was confirmed by the Court on June 24, 2016.

9. Movant is entitled to relief from the automatic stay under §§ 362(d)(1). The Debtor is in material default of the mortgage obligations by a failure to make the required ongoing monthly mortgage payments.

10. Debtor is presently due for the November 1, 2018, monthly mortgage payment and each month thereafter. There is a present default of $15,612.52 in post petition arrears to the Movant, which does not include attorney fees of $850.00 and costs of $181.00. The total default including attorney's fees and costs totals $16,643.52.

11. Based upon the foregoing, cause exists for modifying the automatic stay with a waiver of the provisions of Fed.R.Bankr.P.4001(a)(3) is appropriate; an order for relief should have immediate effect.

12. Movant, in the alternative, hereby requests the dismissal of the case for material default of the terms of the confirmed plan.

**WHEREFORE**, Movant prays for an Order from the Court for Relief from the Automatic Stay of 11 U.S.C § 362 of the Bankruptcy Code as to the Movant with respect to the subject property located at 2110 Summerlin Dr., Aurora, IL 60503 or in the alternative dismissal of the case. Movant further requests that the provisions of Fed.R.Bankr.P. 4001(a)(3) be waived and that the Order for Relief from the Automatic Stay have immediate effect, and further, remain in effect notwithstanding the conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Bankruptcy Code.

Respectfully submitted,

Date:  September 6, 2019

*/s/ Marc G. Wagman*
Potestivo & Associates, P.C.
Marc G. Wagman
223 W. Jackson Blvd., Suite 610
Chicago, Illinois 60606
mwagman@potestivolaw.com
Telephone: (312) 263-0003
Main Fax: (312) 263-0002
IL ARDC: 6282192
Attorneys for Quicken Loans Inc.